KALKASKA COUNTY STATE & SAVINGS BANK *v.* KAL-
KASKA CANNING CO.

CORPORATIONS—MORTGAGES—FORECLOSURE—DEFICIENCY—INDORS-
ERS—LEAVE TO SUE.

> A petition for leave to sue a director of a corporation at law to
> enforce his liability as indorser for a deficiency remaining
> upon foreclosure of a mortgage of corporate property secur-
> ing the indorsed and other notes, which alleges that the note
> was indorsed by all the directors with the understanding and
> agreement that the proceeds of the foreclosure sale should be
> applied in satisfaction of the unindorsed notes, sufficiently
> alleges defendant's participation in the agreement as against
> a demurrer.

Appeal from Kalkaska; Chittenden, J.  Submitted Octo-
ber 15, 1908.  (Docket No. 88.)  Decided November 30,
1908.

Bill by the Kalkaska County State & Savings Bank
against the Kalkaska Canning Company to foreclose a
mortgage:  On petition for leave to bring an action at
law against Darwin D. Lewis.  From an order sustain-
ing a demurrer to the petition, petitioner appeals.  Re-
versed, and remanded.

*Chauncey C. Jencks,* for petitioner.
*Ernest C. Smith,* for defendant Lewis.

From a decree sustaining a demurrer to the complain-
ant's petition for leave to bring a suit at law against the
defendant, the complainant has appealed.  The petition
alleges that complainant on July 12, 1906, filed its bill of
complaint against the Kalkaska Canning Company to
foreclose a mortgage upon its real estate for $4,762.80;
that that suit regularly went to a decree and sale of the
property thereunder; that the sum found due was $5,-

336.50; that at the sale the property was bid in by the complainant for the sum of $3,000; that the sale was confirmed, and a deficiency reported of $2,560.60; that a deed was duly made by the commissioner to complainant by virtue of said sale; that the company was insolvent; that on March 29, 1905, the company was indebted to complainant in the sum of $2,300 above the mortgage indebtedness, which sum had been advanced from time to time to the defendant by the complainant to enable it to carry on its business; that said sum was partly secured by warehouse receipts for the canned products of the company; that said company was also indebted to other parties in the sum of $800, which it could neither pay nor secure, and which was then past due; that the insolvency of said company at said date was known to complainant and the officers and directors of the defendant company; that there were seven directors of the company, including the defendant Lewis, who had constituted the board of directors of said company from its organization; that prior to said 29th day of March, 1905, the directors had indorsed the company's notes to enable it to borrow money from the petitioner; that said mortgage was given as collateral security to three notes—one for $2,000 and one for $263.80, both otherwise unsecured, and one for $2,500, indorsed by all the directors, including the defendant Lewis; that on the 27th day of July, 1905, complainant was for its own protection compelled, under threats of bankruptcy proceedings against the company, to pay this indebtedness held by other parties, and thereby became the sole creditor of the company, which then owed complainant $7,864; that before paying and assuming this outside indebtedness "it was at all times understood and intended by the directors of said defendant company, as well as by your petitioner, that said directors should and would remain and be personally liable and responsible to your petitioner for any loss or deficiency on said indebtedness which your petitioner might otherwise suffer in said matter to the extent of at

least the sum of $2,500, for which amount they had indorsed as aforesaid, and that, with that purpose and intent in view, the said directors, after the execution of the aforesaid mortgage and on the 1st day of July, 1905, indorsed another note of said defendant company in the said amount of $2,500; that said note was duly authorized by the board of directors and left with complainant, with the understanding on the part of said directors and complainant that the note would not be accepted until all of said directors had indorsed it;" that each of said directors had indorsed it, and that said note was received and accepted in lieu or extension of the $2,500 note mentioned in said mortgage; "that it was then and at all times understood, intended, and agreed, between your petitioner and said directors, that in the event of the necessity arising for the foreclosure of said mortgage the same should be foreclosed for the full amount thereof at such time found to be due thereon, and that said directors would be personally liable on said note for any deficiency found to be due after foreclosure and sale of the mortgaged premises, to the extent of not to exceed said sum of $2,500 and the accrued interest thereon;" that after said foreclosure sale, and the purchase of the land by complainant, complainant and defendant company, without waiting for the period of redemption to expire, disposed of said property at private sale for $2,899.17; that the full amount of the $3,000 bid by complainant was credited on the mortgage indebtedness; that the sale of the goods covered by the warehouse receipts was by complainant and the officers of said company jointly; that the amount received therefor was insufficient to pay the unsecured indebtedness of the company, and that the deficiency was charged to profit and loss by your petitioner; that the complainant and the defendant company by agreement closed out the assets of said company and applied the proceeds in payment of the aforesaid indebtedness, and that there remained unpaid on the aforesaid note of $2,500 the sum of $2,000 and the accrued interest; that complainant then called upon the

directors as indorsers to pay the note; that six of said directors each paid his proportionate share thereof, amounting in all to $1,714.29; that defendant Lewis refused to pay; that thereupon complainant, without leave of the chancery court, brought suit against defendant Lewis to recover his proportionate share; that said suit was dismissed, on motion of the defendant, because complainant had not obtained leave from the chancery court to bring suit.   Thereupon the complainant filed this petition to the court in chancery, asking leave to bring suit against defendant Lewis, and that an order be made and entered nunc pro tunc as of a time prior to the commencement of the suit at law.   This petition was accompanied by the affidavits of several of the directors of the company asserting the truth of the statements made therein.   To this petition the defendant demurred on the ground that it appears upon the face of the bill that the note of $2,500 is fully paid and discharged.

GRANT, C. J. (*after stating the facts*).   Defendant contends that the $3,000 realized upon the foreclosure sale should be applied in general reduction of the debt decreed in the mortgage decree, and not be applied in full satisfaction of the payment of the two unindorsed notes.   He insists that there is no allegation in the petition of any special agreement on the part of defendant Lewis to waive his right to participate in the benefits of the mortgage.   Counsel for each party have argued in their briefs very fully the doctrine of the application of payments.   In the view we take of the case, that question is not now before us.

Counsel for defendant admits that, if the petition alleges that defendant Lewis participated in such an agreement, "there would have been no grounds of demurrer to it." The petition fully and specifically alleges that this note was indorsed by all the directors, with the understanding, intention, and agreement that the proceeds of the foreclosure sale should be applied as they were applied, and

that the directors should be held upon the note which they indorsed for the deficiency. This allegation includes the defendant. Six of the directors so construed their understanding and agreement, and have paid. It would be too technical a rule of pleading to say that the pleading should select the defendant, and allege a specific understanding, intention, and agreement upon his part, when the allegation includes him in the statement as to all. The allegation was sufficient to require an answer and proofs, if the defendant desired. We must not be understood as concurring in the correctness of the order of the court in dismissing the suit at law because leave of the court of chancery had not been obtained. The indorsers were not made parties to the bill of complaint, and it is not claimed that they were necessary parties. They were liable simply as indorsers upon one of the three notes secured by the mortgage. It is not clear that leave of the chancery court was necessary. Complainant, however, rather than appeal from the judgment of the law court, wisely chose to acquiesce in the position taken by defendant Lewis and the finding of the court therein, and filed its petition for leave.

The decree is reversed, with the costs of both courts, and the record remanded for further proceedings.

BLAIR, HOOKER, MOORE. and McALVAY, JJ., concurred.